UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD H.,

             Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.

CASE NO. C20-5124-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

Plaintiff appeals the ALJ's decision him not disabled. He contends the ALJ misevaluated his testimony, his residual functional capacity ("RFC"), and entered erroneous step five findings. Dkt. 14 at 2. Plaintiff also argues evidence submitted to the Appeals Council undermines the ALJ's decision. *Id.* As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

In November 2017, plaintiff applied for benefits, alleging disability as of September 1, 2017. Tr. 213-25. After the applications were denied initially and on reconsideration, the ALJ conducted a hearing in October 2018 (Tr. 41-77), and found Plaintiff not disabled. Tr. 17-25.

The Appeals Council denied review, making the ALJ's decision is the Commissioner's final decision.  Tr. 3-7.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff had not engaged in substantial gainful activity since the alleged onset date.

**Step two:**  Plaintiff had the following severe impairments: chronic systolic congestive heart failure, nonischemic cardiomyopathy, atrial fibrillation, and obesity.

**Step three:**  These impairments did not meet or equal the requirements of a listed impairment.[2]

**RFC:**  Plaintiff can perform light work with additional limitations: he can stand and walk for four hours, with a sit/stand option.  He can occasionally climb ramps and stairs, and cannot climb ladders, ropes, and scaffolds.  He can frequently balance, and occasionally stoop, kneel, crouch, and crawl.  He can have frequent exposure to hazards, such as heights and machinery, and can have frequent exposure to fumes, odors, dusts, gases, and poor ventilation.

**Step four:**  Plaintiff cannot perform his past work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

Tr. 17-25.

## DISCUSSION

**A.    Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony because he made several inconsistent statements and as unsupported by objective medical evidence.  Tr. 22-23.  Plaintiff argues these reasons are not clear and convincing, as required in the Ninth Circuit.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING THE COMMISSIONER'S DECISION - 2

1       The ALJ properly cited several examples where Plaintiff made inconsistent statements.

2   The ALJ noted Plaintiff reported limitations in his agency paperwork that were inconsistent with

3   his hearing testimony.  Tr. 23.  The ALJ found Plaintiff's hearing testimony about his diet

4   contradicted his reports to providers, and he also admitted to inaccurately reporting his

5   educational history due to embarrassment.  Tr. 22-23.  The ALJ also noted Plaintiff's report he

6   stopped working due to his impairments, is inconsistent with his later report he stopped working

7   because he ran out of business.  Tr. 23 (citing Tr. 255).  The Court cannot say the ALJ

8   unreasonably relied upon inconsistencies in plaintiff's testimony to discount his testimony.  *See*

9   *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (ALJ appropriately considers

10  inconsistencies in assessing plaintiff's testimony); *Thomas v. Barnhart*, 278 F.3d 947, 958-59

11  (9th Cir. 2002) (holding an ALJ also appropriately considers inconsistencies or contradictions

12  between a claimant's statements and her activities of daily living); *Bruton v. Massanari*, 268

13  F.3d 824, 828 (9th Cir. 2001) (specific, cogent reason for disregarding testimony included

14  inconsistent statements as to why claimant left job).

15      Because the ALJ must reconsider the medical evidence in light of the Appeals Council

16  evidence, as explained *infra*, the Court need not address the sufficiency of the ALJ's other reason

17  for discounting Plaintiff's allegations, at this juncture

18  **B.    RFC Assessment and Vocational Testimony**

19      At step five, the Commissioner bears the burden to show a claimant is not disabled and

20  can perform other work that exists in significant numbers in the national economy.  20 C.F.R. §

21  416.960(c)(2). The ALJ's step-five findings rely on the testimony of the vocational expert

22  ("VE") from the hearing, where the ALJ initially posed a hypothetical assuming the ability to

23  perform light work with additional physical limitations.  Tr. 72-73.  The VE identified three jobs

compatible with such an RFC: agricultural sorter, marker, and electrical accessories assembler.

Tr. 73-74.  The ALJ then added a restriction to the hypothetical: a limitation to standing/walking

for four hours per workday.  Tr. 74.  The VE testified the three jobs identified would still be

compatible with that restriction, because:

> . . . [T]he jobs I provided, are actually light jobs with a stand – sit/stand option
> now, and they do at least four hours in an eight hour day.  There's some jobs in
> the [Dictionary of Occupational Titles] that are signified as light based on the lift
> and carry requirements, and not on the stand and walk requirements, which most
> people think of as light.  Now, the Electrical Accessories Assembler, and – the
> Electrical Accessories Assembler sits on a stool at a bench.  And that's at least six
> out of eight hours.  The person would have the ability to slide on and off the
> bench – I'm sorry – on and off the stool as required, or as necessary, as long as
> the person limited the change of position to only every 20 minutes or more.  Less
> than 20 minutes in change of position will eventually erode the labor – or erode
> the pace of the job by the end of the shift.

Tr. 74.

Plaintiff raises three challenges to the ALJ's reliance on the VE's testimony.  First,

Plaintiff argues the VE failed to define what she meant by the term "sit/stand option," and the

ALJ's RFC assessment using that term is thus impermissibly vague.  Dkt. 14 at 6.  Plaintiff

contends an ALJ's RFC assessment must specify how frequently a claimant must alternate

between sitting and standing; because the VE's testimony was offered without that specificity, it

cannot cure the ALJ's failure to provide that specificity.  *Id.*  In support of the argument, Plaintiff

points to two sections of the VE's testimony he contends suggest ambiguity in the ALJ's RFC

assessment and/or the VE's testimony: namely the VE's testimony an electrical accessories

assembler could not alternate positions more frequently than every 20 minutes and maintain

adequate pace, and the VE's testimony about how much sitting and standing was involved in

each of the jobs.  Dkt. 14 at 6-7.

1    Regarding Plaintiff's first argument, the Court finds the ALJ's RFC or the VE's

2    testimony is not impermissibly vague as to the meaning of "sit/stand option," given the plain

3    meaning of the words and cases finding the "sit/stand option" refers to an option to sit or stand at

4    will.  *See, e.g.*, *Buckner-Larkin v. Astrue*, 450 Fed. Appx. 626, 627 (9th Cir. Sep. 20, 2011);

5    *Sackett v. Berryhill*, 2019 WL 1787337, at *12-14 (D. Nev. Apr. 24, 2019).  The Court finds

6    "common sense dictates that a 'sit/stand option' means exactly what it says; plaintiff must have

7    the option to either sit or stand at work.  This is consistent with a requirement that plaintiff have

8    the ability to 'sit or stand at will.'"  *Swofford v. Comm'r of Social Sec. Admin.*, 2013 WL

9    3333063, at *6 (D. Or. Jul. 1, 2013).  Although Plaintiff relies on Social Security Ruling 96-9p to

10   argue the ALJ was required to provide more specificity as to how frequently Plaintiff could

11   alternate between sitting and standing, that ruling applies to claimants limited to less than the full

12   range of sedentary work, and Plaintiff here is not so limited.  *See* 1996 WL 374185 (Jul. 2,

13   1996).

14   The Court does find merit in Plaintiff's second argument. Sitting or standing at will is

15   inconsistent with performing the electrical accessories assembler job, given the VE's testimony

16   regarding alternating no more frequently than every 20 minutes.  *See* Tr. 74.  Thus, because the

17   ALJ's RFC assessment permits Plaintiff to alternate at will, and the VE testified an electrical

18   accessories assembler may not alternate more frequently than every 20 minutes, there is a

19   conflict between the RFC assessment and the VE's testimony pertaining to this job.  This error is

20   harmless, however, because the other jobs identified at step five exist in significant numbers

21   even if the electrical accessories assembler job is eliminated.  *See* Tr. 25 (listing more than

22   350,000 national agricultural sorter and marker jobs).

23

1    Plaintiff's third argument depends upon the meaning of the VE's testimony that the step-

2    five jobs require the employee to, with a sit/stand option, "do at least four hours in an eight hour

3    day." Tr. 74.  Plaintiff argues the VE  referred to the jobs requiring an employee to do at least

4    four hours of standing or walking in a workday, which is incompatible with the ALJ restricting

5    Plaintiff to performing at most four hours of standing/walking.  This is not a reasonable reading

6    of the VE's testimony: it appears the VE meant the step-five jobs involved at least four hours of

7    *sitting*, not standing/walking (in light of the VE's subsequent testimony about the possibility of

8    at least six hours of sitting in the electrical accessories assembler job (Tr. 74)), and thus there

9    would be no conflict because the ALJ did not impose any sitting restrictions in the RFC

10   assessment.  Furthermore, the ALJ sought clarification and the VE affirmed explicitly a person

11   limited to standing/walking four hours with a sit/stand option can perform all of the step-five

12   jobs. *See* Tr. 74-75.  When the VE's testimony is read in its entirety, Plaintiff's interpretation

13   that the testimony conflicts with the ALJ's RFC assessment fails.

14   Because Plaintiff fails to establish harmful error in either the ALJ's RFC assessment or

15   step-five findings, the Court will not disturb these portions of the ALJ's decision.

16   **C.    Appeals Council Evidence**

17   Plaintiff submitted a November 2018 treatment note and a November 2018 opinion of

18   non-examining physician Myrna Palasi, M.D., to the Appeals Council, and contends that both

19   undermine the ALJ's January 2019 decision. *See* Tr. 32-40.  The Appeals Council considered

20   this evidence and found it failed to provide a basis to reverse the ALJ's decision, and refused to

21   exhibit it.  Tr. 3-7.  The Court considers this evidence in reviewing the ALJ's decision for

22   substantial evidence. *See Brewes v. Comm'r of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th

23   Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review

a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").

Plaintiff contends the treatment note shows his condition worsened by at least mid-2018, such that the ALJ's RFC assessment for light work does not accurately describe his limitations for the entire adjudicated period. Dkt. 14 at 8-9. The treatment note shows Plaintiff's treating doctor rated his heart failure as less severe in January 2018 than he rated it in November 2018. *Compare* Tr. 39 *with* Tr. 436. The treatment note indeed suggests that Plaintiff's treating doctor found Plaintiff's heart failure had worsened per the New York Health Association's scale, but this scale does not correspond to any particular RFC limitations or show the ALJ's RFC assessment is inaccurate. *See* https://www.heart.org/en/health-topics/heart-failure/what-is-heart-failure/classes-of-heart-failure (last accessed Nov. 24, 2020). This treatment note does not alone constitute evidence of material worsening in Plaintiff's condition, and thus does not contradict or undermine the ALJ's decision.

On the other hand, Dr. Palasi's opinion is, despite the Commissioner's argument to the contrary (Dkt. 15 at 11-12), inconsistent with the ALJ's RFC assessment because it describes lifting restrictions incompatible with light work, and also describes manipulative limitations that the ALJ did not reference. *See* Tr. 33. Dr. Palasi's opinion Plaintiff could only stand or walk for brief periods (Tr. 33) is arguably consistent with the ALJ's RFC assessment, given that the ALJ provided Plaintiff the option to sit or stand at will for up to four hours in a work day.

Dr. Palasi's opinion was rendered after reviewing a November 2018 report from Valley View Health, but this report is not in the record and Dr. Palasi left blank the section of the form opinion asking whether the objective evidence supports the opined diagnoses and limitations.

Tr. 32.  The Commissioner surmises Dr. Palasi copied the diagnoses and limitations from the

Valley View Health documents (Dkt. 15 at 11), but even so, that would only bolster Plaintiff's

argument Dr. Palasi's opinion is probative evidence of limitations not accounted for in the ALJ's

RFC assessment, given the ALJ did not consider a treating source opinion describing Plaintiff's

limitations.

The Court finds Dr. Palasi's opinion undermines the ALJ's decision because it indicates

treatment notes written during the adjudicated period have not been considered by the ALJ and

would at least arguably support limitations more restrictive than the ALJ found.  This case must

be remanded to permit the ALJ to consider Dr. Palasi's opinion and, if possible, the underlying

evidence she reviewed.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is

**REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall consider the evidence submitted to the Appeals Council, develop the

record and redetermine the RFC as needed, reconsider any aspect of the decision as necessary in

light of the new assessments and any other new evidence submitted or obtained, and proceed to

steps four and five as approrpriate.

DATED this 24th day of November, 2020.


_____

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S DECISION - 8